No. 25-4124

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

Utah Political Watch, Inc.; Bryan Schott,

*Plaintiffs-Appellants*,

v.

Alexa Musselman, Utah House of Representatives Communications Director and Media Liaison Designee; Andrea Peterson, Utah Senate Deputy Chief of Staff and Media Liaison Designee; Abby Osborne, Utah House of Representatives Chief of Staff; Mark Thomas, Utah Senate Chief of Staff, in their official and individual capacities,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Utah, No. 2:25-CV-00050 (Shelby, J.)

## APPELLEES' OPPOSITION TO MOTION FOR LEAVE TO RE-FILE AMICUS BRIEF

Victoria Ashby
Christine R. Gilbert
Alan R. Houston
Office of Legislative
 Research & General Counsel
W210 State Capitol Complex
Salt Lake City, UT 84114
(801) 538-1032
vashby@le.utah.gov
cgilbert@le.utah.gov
ahouston@le.utah.gov

Dated: December 10, 2025

*\* Supervised by principals of the firm admitted to practice in VA*

Tyler R. Green
Consovoy McCarthy PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Daniel M. Vitagliano*
Julius Kairey
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
dvitagliano@consovoymccarthy.com
julius@consovoymccarthy.com

*Counsel for Defendants-Appellees Alexa Musselman, Aundrea Peterson, Abby Osborne, and Mark Thomas*

1. On November 17, 2025, the Foundation for Individual Rights and Expression and the Reporters Committee for Freedom of the Press filed an amicus brief in support of Appellants. Dkts.22, 24. Appellees did not oppose the initial filing of the brief. Counsel for amici entered appearances on November 20. Dkts.30-31.

2. On December 5, this Court ordered *sua sponte* that the brief be stricken pursuant to Federal Rule of Appellate Procedure 29(a)(2) and that counsel's entry of appearance also be stricken. Dkt.32.

3. On December 8, counsel for amici reentered appearances, save one attorney. Dkt.34. Amici then moved for "leave to re-file the brief, out of time, to remove as counsel for amici any attorney that may give rise to a conflict with respect to any judge of the Court." Dkt.36 at 1.

4. Appellees oppose the motion.

5. Rule 29(a)(2) provides that "a court of appeals may prohibit the filing of or may strike an amicus brief that would result in a judge's disqualification." Fed. R. App. P. 29(a)(2). Federal law provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995); *see also United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (the statute "deals exclusively with appearances").

6. This Court's order striking the amicus brief and the entries of appearance gave no reason or explanation why amici's brief and attorneys' appearance would result

1

in a judge's disqualification under Rule 29(a)(2). The Court did not even identify which one (if not more) of the nineteen judges of this Court would be disqualified because of amici's appearance and brief. Nor is this Court required to do either.

7. Amici speculate that the now-absent lawyer's earlier appearance "may" have "give[n] rise to a conflict," without even identifying which judge. Dkt.36 at 3. They posit that simply removing her name from the brief would cure any reason or reasons for a judge's disqualification.

8. To the extent the now-absent lawyer's appearance and authorship of amici's brief would have required a judge's disqualification, the bell has been rung. Simply "re-fil[ing]" the same brief with "no substantive changes" but without the now-absent author's name on the cover, *id.* at 1, would be an empty formality; amici's first filing confirms that the now-absent lawyer participated in crafting and presenting the amicus brief's arguments. That historical fact remains true even if her name no longer appears on the cover. And re-authorizing the brief's filing in these circumstances would pose questions as to the judge who initially determined disqualification was necessary and the basis or bases for disqualification, leaving the parties and the public with "doubts" as to the "appearance of partiality." *Nichols*, 71 F.3d at 351.

9. Granting leave to re-file would also set a precedent that permits any amicus whose brief is stricken under Rule 29(a)(2) to attempt to refile based on nothing but speculation as to possible causes of disqualification and possible ways to cure conflicts.

2

10. If the Court disagrees—and determines that omitting a lawyer's name from the cover of amici's brief suffices to un-ring the bell that previously warranted this Court's *sua sponte* invoking Rule 29—Appellees respectfully request seven days from the date of any order resolving amici's motion to file their merits brief.

                                              Respectfully submitted,

Dated: December 10, 2025           */s/ Daniel M. Vitagliano*

| | |
|---|---|
| Victoria Ashby<br>Christine R. Gilbert<br>Alan R. Houston<br>OFFICE OF LEGISLATIVE<br>  RESEARCH & GENERAL COUNSEL<br>W210 State Capitol Complex<br>Salt Lake City, UT 84114<br>(801) 538-1032<br>vashby@le.utah.gov<br>cgilbert@le.utah.gov<br>ahouston@le.utah.gov<br><br><br>*\* Supervised by principals of the firm*<br>*admitted to practice in VA* | Tyler R. Green<br>CONSOVOY MCCARTHY PLLC<br>222 S. Main Street, 5th Floor<br>Salt Lake City, UT 84101<br>(703) 243-9423<br>tyler@consovoymccarthy.com<br><br>Daniel M. Vitagliano\*<br>Julius Kairey<br>CONSOVOY MCCARTHY PLLC<br>1600 Wilson Boulevard, Suite 700<br>Arlington, VA 22209<br>(703) 243-9423<br>dvitagliano@consovoymccarthy.com<br>julius@consovoymccarthy.com |

*Counsel for Defendants-Appellees Alexa Musselman,*
*Aundrea Peterson, Abby Osborne, and Mark Thomas*

3

## CERTIFICATE OF SERVICE

I filed this opposition with the Court via ECF, which will email everyone requiring service.

Dated: December 10, 2025　　　　　　　　　　*/s/ Daniel M. Vitagliano*