No. 25-4124

# IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

UTAH POLITICAL WATCH, INC.; BRYAN SCHOTT,

*Plaintiffs-Appellants*,

v.

ALEXA MUSSELMAN, Utah House of Representatives Communications Director and Media Liaison Designee; ANDREA PETERSON, Utah Senate Deputy Chief of Staff and Media Liaison Designee; ABBY OSBORNE, Utah House of Representatives Chief of Staff; MARK THOMAS, Utah Senate Chief of Staff, in their official and individual capacities,

*Defendants-Appellees*.

On Appeal from the United States District Court for the District of Utah, No. 2:25-CV-00050 (Shelby, J.)

## APPELLEES' OPPOSITION TO MOTION TO EXPEDITE AND MOTION FOR INJUNCTION PENDING APPEAL

Victoria Ashby
Christine R. Gilbert
Alan R. Houston
OFFICE OF LEGISLATIVE
  RESEARCH & GENERAL COUNSEL
W210 State Capitol Complex
Salt Lake City, UT 84114
(801) 538-1032
vashby@le.utah.gov
cgilbert@le.utah.gov
ahouston@le.utah.gov

Dated: January 20, 2026

*  Supervised by principals of the firm admitted to practice in VA*

Tyler R. Green
CONSOVOY MCCARTHY PLLC
222 S. Main Street, 5th Floor
Salt Lake City, UT 84101
(703) 243-9423
tyler@consovoymccarthy.com

Daniel M. Vitagliano*
Julius Kairey
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
(703) 243-9423
dvitagliano@consovoymccarthy.com
julius@consovoymccarthy.com

*Counsel for Defendants-Appellees Alexa Musselman,
Aundrea Peterson, Abby Osborne, and Mark Thomas*

1. On January 8, 2026, Appellants Utah Political Watch, Inc. and Bryan Schott moved to expedite oral argument and decision or, alternatively, for an injunction pending appeal. Dkt. 50.

2. Appellees oppose the motion in its entirety.

3. Appellants did not comply with 10th Cir. R. 27.1. Their motion does not contain the required "statement of the opposing party's position on the relief requested or why the moving party was unable to learn the opposing party's position." 10th Cir. R. 27.1. Parties must "make reasonable efforts to contact opposing parties well in advance of filing a motion." *Id.* Appellants never contacted Appellees about their motion. That noncompliance is reason enough to deny the motion. *See Robbin v. City of Santa Fe*, 583 F. App'x 858, 866 n.4 (10th Cir. 2014).

4. Appellants' conduct in litigating this case undermines their request that this Court should expedite oral argument and decision. Appellants have not shown "good cause" to treat this appeal differently than any other case. *See* Fed. R. App. P. 2(a).

5. Appellants did not act expeditiously in district court. They challenge the Utah Legislature's media credentialing policy and the denial of Schott's application for a 2025 media credential. They sued 11 weeks after the Legislature published the 2025 policy, 5 weeks after Schott's application was denied, and 1 day after the 2025 legislative general session began. Appellees' Resp. Br. 51 (Dkt.43); *see* App. Vol. I at 23-24, 28 (Dkt.15-1). When the district court denied their motion for a TRO, it permitted them

1

to file an amended motion, but it emphasized that "time is of the essence and the legislature is meeting daily and there is not a lot of time left." Suppl. App. 102 (Dkt. 46). Yet Appellants still waited 3 weeks to file an amended complaint and amended motion for a preliminary injunction, *see id.* at 9-10—eventually filing just 9 days before the 2025 legislative general session ended. The district court dismissed the complaint and denied the amended motion for preliminary injunction on September 29, 2025, App. Vol. II at 245—113 days before the start of the 2026 legislative general session.

6. Appellants did not act expeditiously in this Court either. Despite the looming 2026 legislative general session, they took the full default briefing schedule (40 days) to file their opening brief. They did not object when the Court vacated the deadline for Appellees' response brief to first resolve amici's motion. *See* Dkt. 35. They then took the full default schedule (21 days) to file their reply brief.

7. Appellants' conduct to date is inconsistent with the notion that time sensitivities exist here warranting this Court's departing from the ordinary treatment of this appeal. The motion to expedite should be denied.

8. As to Appellants' alternative motion for injunction pending appeal, Appellants did not "move first in the district court," as required under Rule 8. Fed. R. App. P. 8(a)(1)(C). Again, that noncompliance is reason enough to deny the motion. *See, e.g., Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1175-76 (10th Cir. 2017).

9. Nor have Appellants shown that "moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i). Appellants claim "doing so would be futile because the district court already denied plaintiffs a preliminary injunction." Mot. 2 n.1. But the rules plainly "contemplat[e] that there will be situations where district courts can grant injunctions pending appeal even after denying a preliminary injunction." *NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1235 (N.D. Cal. 2025) (doing so); *see also, e.g.*, *Cigar Ass'n of Am. v. FDA*, 317 F. Supp. 3d 555 (D.D.C. 2018) (same). Under Appellants' logic, Rule 8's exception would swallow the rule: Any party that unsuccessfully moved for a preliminary injunction would automatically be excused from Rule 8's requirement to move for an injunction pending appeal first in the district court. *But see In re Woods*, 743 F.3d 689, 699 (10th Cir. 2014) ("exceptions must not be interpreted so broadly as to swallow the rule" (collecting cases)).

10. Even if this Court excused Appellants' noncompliance with Rule 8, Appellants have not met their burden for injunctive relief, for the reasons explained in Appellees' merits brief. Appellants have not established a First Amendment violation, they face no irreparable harm, and the equities weigh against relief. Appellees' Resp. Br. 46-51; *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).

11. Indeed, given Appellants' choice to rely entirely on their merits briefing arguments to support their request for an injunction pending appeal—rather than provide new, independent arguments or evidence to support an injunction—granting an

3

injunction pending appeal here would effectively short-circuit this Court's ordinary decisional process. Merits arguments should be resolved on the merits, not before.

12.  The Court should deny Appellants' motion to expedite or for an injunction pending appeal. *See Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 2023 WL 5747726, at *1 (10th Cir. Jan. 30) (denying both).

Respectfully submitted,

Dated: January 20, 2026

/s/ *Tyler R. Green*

| | |
|---|---|
| Victoria Ashby | Tyler R. Green |
| Christine R. Gilbert | CONSOVOY MCCARTHY PLLC |
| Alan R. Houston | 222 S. Main Street, 5th Floor |
| OFFICE OF LEGISLATIVE | Salt Lake City, UT 84101 |
| RESEARCH & GENERAL COUNSEL | (703) 243-9423 |
| W210 State Capitol Complex | tyler@consovoymccarthy.com |
| Salt Lake City, UT 84114 | |
| (801) 538-1032 | Daniel M. Vitagliano* |
| vashby@le.utah.gov | Julius Kairey |
| cgilbert@le.utah.gov | CONSOVOY MCCARTHY PLLC |
| ahouston@le.utah.gov | 1600 Wilson Boulevard, Suite 700 |
| | Arlington, VA 22209 |
| | (703) 243-9423 |
| *\* Supervised by principals of the firm admitted to practice in VA* | dvitagliano@consovoymccarthy.com |
| | julius@consovoymccarthy.com |

*Counsel for Defendants-Appellees Alexa Musselman,
Aundrea Peterson, Abby Osborne, and Mark Thomas*

## CERTIFICATE OF SERVICE

I filed this opposition with the Court via ECF, which will email everyone requiring service.

Dated: January 20, 2026                    _/s/ Tyler R. Green_