No. 25-4124

# United States Court of Appeals for the Tenth Circuit

UTAH POLITICAL WATCH, et al.,

*Plaintiffs-Appellants,*

v.

ALEXA MUSSELMAN, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the District of Utah,

Hon. Robert J. Shelby

(Dist. Ct. No. 2:25-cv-00050-RJS-CMR)

REPLY IN SUPPORT OF MOTION TO EXPEDITE
AND, ALTERNATIVELY,
MOTION FOR INJUNCTION PENDING APPEAL

| | |
|---|---|
| Robert P. Harrington<br>KUNZLER BEAN & ADAMSON, PC<br>50 W Broadway, Suite 1000<br>Salt Lake City, Utah 84101<br>Telephone: (801) 994-4646<br>rharrington@kba.law | Charles Miller<br>INSTITUTE FOR FREE SPEECH<br>1150 Connecticut Ave., NW, Suite 801<br>Washington, D.C. 20036<br>Tel: (202) 301-9800<br>Fax: (202) 301-3399<br>cmiller@ifs.org<br><br>*Counsel for Plaintiffs-Appellants* |

REPLY

Left to their own devices, Defendants will use the normal calendaring process of this Court to allow them to once again unconstitutionally deny media credentials—and the accompanying access the credentials afford—to Schott, and only Schott, for a second legislative session.

They deny him credentials despite admitting he meets the requirement that he regularly professionally covers the legislature. They deny him credentials while granting credentials to those who cover the legislature less and who represent self-described blogs or news aggregators. Their stated justification of wanting a reporter who is subject to being fired does not survive scrutiny and on its own constitutes viewpoint discrimination. Nor is it enforced against others, as the credentialing of Building Salt Lake shows.

Defendants' procedural arguments should not stand in the way of affording interim relief. Plaintiffs could not file this motion sooner because Defendants had not announced whether they would change the policy for 2026 or denied credentials to Schott for 2026. It was Defendants recent denial of credentials that created the exigency.

Plaintiffs met the requirement to disclose the Defendants opposition to the motion when it referred the Court to the merits briefs for the positions of the parties on the matter. Defendants confirmed their total opposition in their response.

Filing a motion in the trial court would have been futile. The basis for an injunction pending appeal here is the same constitutional violations for which Plaintiffs sought a TRO and preliminary injunction which the trial court denied and dismissed the complaint. There are no different factors or arguments that would be grounds for the district court to rule differently. It is for instances like this that FRAP 8 does not require a movant to "always" file an motion for injunction pending appeal at the district court in the first instance. Although court of appeals strongly prefers that relief pending appeal be sought first in district court, this requirement may be excused where another application to district court would serve little purpose. *Homans v. City of Albuquerque*, 264 F.3d 1240 (10th Cir. 2001). This Court in *Homans* excused compliance "because of the immediacy of the problem and the district court's legal error concerning the First Amendment." Both these factors exist here. The short Utah legislative session began yesterday

and the district court made a grievous legal error concerning the First Amendment. Thus, *Homans* excuses compliance with the "ordinary" requirement here.

After making a volley of procedural arguments why the motion should not be considered, Defendants rest on their brief in opposing the motion. Thus, Defendants have fully articulated their position in opposition.

The Court should conclude that Plaintiffs will likely establish a constitutional violation on the merits of this appeal, and enter an injunction pending appeal now so that additional damage to the First Amendment be stopped pending this appeal, or alternatively, arguments should be advanced.

DATED: January 21, 2026       **INSTITUTE FOR FREE SPEECH**

*/s/ Charles Miller*
Charles Miller (admitted *pro hac vice*)

**KUNZLER BEAN & ADAMSON, PC**
Robert P. Harrington

*Attorneys for Plaintiffs-Appellants*
*Utah Political Watch, Inc., and*
*Bryan Schott*

3

CERTIFICATE OF SERVICE

I hereby certify on this 21st Day of January, 2026 that I electronically filed this document with the Tenth Circuit using its ECF system, which automatically served this document on counsel of record.

/s/ *Charles Miller*
Charles M. Miller